[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
The instant dispute requires the court to rule on a motion for protective order and motion to quash (#122) and the plaintiff's objection to the same motion (#125).
The plaintiff, at a recent deposition, testified that she had been treated by Dr. Mascolo and Dr. Sherwood both prior to and subsequent to the claimed fall which is the subject matter of the present lawsuit. On August 14, 2002, the defense counsel noticed the deposition of both physicians. The depositions included a subpoena request for the plaintiff's medical records. Shortly thereafter, the defense counsel received copies of letters written to the physicians by plaintiff's counsel. These letters instructed both physicians not to produce any records in response to the subpoenas.
Both in the documents filed with the court and at oral argument a lack of expected civility was displayed by counsel. Plaintiff's counsel went so far as to say on the record that he "did not trust" defense counsel. The court has neither the time nor the inclination to get involved in personality disputes between counsel.
The court recognizes that General Statutes § 52-146 (o) provides in relevant part that "in any civil action . . . a physician or surgeon . . . shall not disclose. . . . any information obtained by personal examination of a patient. . . ." General Statutes § 52-146o (a). The statute continues consent of the patient or his authorized representative shall not be required where the disclosure is "pursuant to any statute or . . . rule of court. . . ." General Statutes § 52-146o (b)(1).
In a well reasoned opinion in Schramn v. Stelly, 201 Ct. Sup. 8308
(June 25, 2001) Judge Cremins denied a protective order because he found that the deposition of the type in question was authorized by General Statutes § 52-148 (e) as well as Practice Book Section 13-26 and 13-28. CT Page 14837
If required to decide the issue, the court might very well follow Judge Cremin's opinion. However, this court need not reach the issue. In a motion for sanctions (#126) filed on October 15, 2002, plaintiff's counsel has stated:
 "4, Attorney Baker reclaimed her motion for sanctions despite the fact that the plaintiff has filed a copy of all of Dr. Mascolo's and Dr. Sherwood's office notes and reports as he agreed to do so. A copy of the plaintiff's compliance is attached hereto." (emphasis added)
To the extent that Section 52-146 (o) directs health care providers to "not disclose any information obtained by personal examination of a patient," it is clearly designed to protect the privacy of the patient. In the instant case the patient, through counsel, has waived any right to claim privacy by claiming that she has already provided the requested material. Further, while the plaintiff had the right to file a motion for a protective order in response to the defendant's subpoena, the court sees no basis for plaintiff's counsel to unilaterally instruct the records custodians to refuse to honor a subpoena.
The plaintiff contends that all requested medical information has been provided. Defense counsel, in reading the information, believes that some requested information has not been provided. Counsel is within her rights to subpoena these records at least when any privacy right has already been surrendered. The motion to quash and the motion for protective order are denied. The objection to the motion to quash and the objection to the motion for protective order are sustained. No sanctions are entered against either party at this time.
BY THE COURT
___________________ Kevin E. Booth, J. CT Page 14838